UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES DAWSON,

    Petitioner,

v.                                                                    Case No. 5:24cv107-TKW-HTC

RICKY DIXON,

    Respondent.

_____/

ORDER and
REPORT AND RECOMMENDATION

Petitioner Charles Dawson, proceeding *pro se* and *in forma pauperis,* filed an amended petition under 28 U.S.C. § 2254 challenging his conviction in Bay County Circuit Court Case Number 2021 CF 742.  Doc. 5.  Dawson, however, has not exhausted his claims in state court.  Thus, the undersigned finds this action should be DISMISSED WITHOUT PREJUDICE.

**I.      STANDARD FOR DISMISSAL UNDER RULE 4**

Rule 4 of the Rules Governing § 2254 Cases requires district courts to dismiss § 2254 petitions without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020).  This preliminary review calls on a district court to screen the petition prior to service and dismiss the

petition, *sua sponte*, upon a determination that it contains no meritorious claim for relief.   *See* Rules Governing § 2254 Cases ("Habeas Rules"), R. 4 advisory committee notes ("it is the duty of the court to screen out frivolous applications"). The procedure serves to "eliminate the burden that would be placed on the Respondent by ordering an unnecessary answer." *Id.*

The text of Rule 4 does not restrict summary dismissals to merits-based deficiencies.  "[T]he district court must dismiss a § 2254 petition '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.'  Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is 'not entitled to relief.'"  *Paez*, 947 F.3d at 653–54 (citing Rules Governing § 2254 Cases, R. 4).   Lack of exhaustion is a procedural bar that could justify dismissal under Rule 4.  *See, e.g., Adams v. Warren*, No. 1:21-CV-0337-TWT-WEJ, 2021 WL 918815, at *1 (N.D. Ga. Feb. 16, 2021), *report and recommendation adopted*, No. 1:21-CV-337-TWT, 2021 WL 913908 (N.D. Ga. Mar. 10, 2021) (dismissing petition under Habeas Rule 4 for lack of exhaustion).

## II.   ANALYSIS

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion

requires that petitioners give the state courts a "full and fair opportunity" to resolve

all federal constitutional claims by "invoking one *complete* round of the State's

established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845

(1999) (emphasis added). To properly exhaust a federal claim, a petitioner must

"fairly present" the claim in each appropriate state court, thereby affording the state

courts a meaningful opportunity to "pass upon and correct alleged violations of its

prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation

omitted). In addition to directly appealing a conviction, a petitioner must file an

appeal of the denial of any collateral attack upon his conviction and await the state

court's adjudication of the appeal. *See, e.g.*, *Johnson v. Sec'y, Fla. Dep't of Corr.*,

2023 WL 3791337, at *4 (M.D. Fla. June 2, 2023) (citing *Leonard v. Wainwright*,

601 F.2d 807, 808 (5th Cir. 1979)[1] (per curiam) ("save in exceptional cases, Florida

state remedies are exhausted after appeal to the District Court of Appeal from denial

of a collateral attack upon a conviction")).

    Here, Dawson has yet to exhaust any of his available state remedies. Dawson

was convicted in state court of drug trafficking, drug possession and possession of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 5:24cv107-TKW-HTC

drug paraphernalia and sentenced to 30 years.[2]  He brings two grounds for relief.  In Ground One, he claims the circuit court lacked subject matter jurisdiction because the search warrant and affidavit were not filed in the record, which rendered his conviction void.  In Ground Two, he claims his conviction is void because he was never re-arraigned after the State amended the Information against him.

He has not exhausted either claim.  As to Ground One, he admits he did not raise this issue on direct appeal.  Doc. 5 at 9.  Instead, he claims he raised it by petition for writ of habeas corpus in Escambia County Circuit Court case number 2024 CA 136 and that he appealed its denial by filing a petition for writ of mandamus with the First District Court of Appeals.  *Id*.  That petition, however, remains pending.  *See* Case No. 1D2024-1389.[3]  As to Count Two, Dawson admits he did not raise this issue either on direct appeal or by any postconviction motion.  Doc. 5 at 16.  Therefore, Dawson has not yet fully exhausted the issues raised in the habeas corpus action.

Dawson argues in the Amended Petition that he did not need to exhaust state remedies because "Petitioner has a 'void judgment' on the face of the record" which can be raised in any court without first exhausting state remedies.  Doc. 5 at 11.  This

---

[2] A federal court may properly take judicial notice of state court dockets.  *Paez*, 947 F.3d at 652; Fed. R. Evid. 201(b)(2).  Thus, as an initial matter, the undersigned will take judicial notice of the state court records in Bay County Circuit court, 2012CF742, available at https://court.baycoclerk.com/BenchmarkWeb2/Home.aspx/Search.
[3] Available at https://acis.flcourts.gov.

contention is without merit. "[Section] 2254(b)(1), requiring exhaustion of state court remedies, does not contain an exception for void judgments. Like any other constitutional claim, Petitioner's claim that her conviction is void is clearly subject to the § 2254(b)(1) exhaustion requirement because she can raise the claim in state court." *Wimbush v. Tatum*, 2021 WL 12224756, at *1 (N.D. Ga. Apr. 26, 2021); *see also*, *Guyton v. Adams*, No. CV 321-039, 2021 WL 3629236, at *2 (S.D. Ga. July 20, 2021), *report and recommendation adopted*, No. CV 321-039, 2021 WL 3627147 (S.D. Ga. Aug. 16, 2021) (requiring exhaustion in case where Petitioner admitted throughout his petition that his lack of subject matter jurisdiction claim was still pending before the state habeas court); *Williams v. Jones*, 2018 WL 11247797, at *5-6, 13 (S.D. Fla. May 17, 2018) (finding that petitioner was required to exhaust claim "that trial court's lack of subject matter jurisdiction makes its judgments void"), *report and recommendation adopted as to this claim, rejected to allow certificate of appealability as to different claim*, 2018 WL 11247792 (S.D. Fla. July 13, 2018), *aff'd sub nom. Williams v. Fla. Dep't of Corr.*, 770 F. App'x 495 (11th Cir. 2019).

This Court, therefore, should dismiss Dawson's amended petition "without prejudice until the petitioner has fully exhausted his state postconviction remedies

with respect to each of his asserted claims for relief."[4]  *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1214 (11th Cir. 2014) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

Accordingly, it is ORDERED,

1.    The clerk shall send a courtesy copy of this Report and Recommendation and the Amended Petition to the Respondent and to the Attorney General of Florida.  If the Respondent wishes to waive the exhaustion defense, the Respondent may file an objection to the Report and Recommendation, noting this waiver.  The Respondent, otherwise, does not need to respond to the Amended Petition.

It is further RECOMMENDED,

1.    That the Amended Petition for habeas relief under § 2254 be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

2.    That the clerk be directed to close this file.

DONE AND ORDERED this 17th day of June, 2024.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] A district court does not err by dismissing an action *sua sponte* if it gives a defendant fair notice and an opportunity to be heard.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond") (quotation marks omitted).  This report and recommendation suffices as that notice and opportunity.

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**